1  **MILBERG LLP**
   DAVID E. AZAR (SBN 218319)
2  dazar@milberg.com
   One California Plaza
3  300 S. Grand Avenue, Suite 3900
   Los Angeles, CA 90071
4  Telephone: (213) 617-1200
   Facsimile: (213) 617-1975
5
   **MILBERG LLP**
6  LORI G. FELDMAN
   lfeldman@milberg.com
7  ANDREI V. RADO
   arado@milberg.com
8  JESSICA J. SLEATER
   jsleater@milberg.com
9  One Pennsylvania Plaza, 49th Floor
   New York, NY 10119
10 Telephone: (212) 594-5300
   Facsimile: (212) 868-1229
11
   *Counsel for Plaintiffs*
12

**ORIGINAL**

13          UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15 | DMI d/b/a PERRIS HILLS PHARMACY, ) **CASE NO.** EDCV13-713-JGB
   | and R & M DRUG CORP. d/b/a        )              (OPx)
16 | VITALITY DRUG & SURGICAL,          )
   | individually and on behalf of all others ) **CLASS ACTION**
17 | similarly situated,                )
   |                                    ) **COMPLAINT FOR:**
18 |                         Plaintiffs, )
   |                                    ) (1)  Violation of the Lanham Act §
19 |                                    )      43(a), 15 U.S.C. § 1125(a)
   |                  v.                )
20 |                                    ) (2)  Violation of California
   | MEDICAL SECURITY CARD              )      Business & Professions Code
21 | COMPANY d/b/a SCRIPTSAVE,          )      § 17500 *et seq.*;
   |                                    ) (3)  Violation of California
22 |                                    )      Business & Professions Code
   |                         Defendant. )      § 17200 *et seq.*;
23 |                                    ) (4)  Unjust Enrichment;
   |                                    ) (5)  Accounting for Profits; and
24 |                                    ) (6)  Common Count: Mistaken
   |                                    )      Receipt
25 |                                    )
   |                                    ) **DEMAND FOR JURY TRIAL**
26

27

28

| CLASS ACTION COMPLAINT | CASE NO.: |
| --- | --- |
| DOCS\652387v7 | |

# TABLE OF CONTENTS

**Page**

NATURE OF THE ACTION ........................................................................ 1

JURISDICTION AND VENUE ................................................................... 3

THE PARTIES ............................................................................................ 3

BACKGROUND TO THE SCRIPTSAVE DISCOUNT CARD ................ 4

SCRIPTSAVE DISCOUNT CARD AND DEFENDANT'S UNLAWFUL
    CONDUCT ............................................................................................ 5

CLASS ALLEGATIONS ............................................................................ 8

COUNT I THE LANHAM ACT § 43(A), 15 U.S.C. § 1125(A) ............... 10

COUNT II VIOLATION OF CALIFORNIA BUSINESS AND
    PROFESSIONS CODE SECTION 17500 *ET SEQ.* ........................ 11

COUNT III VIOLATION OF CALIFORNIA BUSINESS AND
    PROFESSIONS CODE SECTION 17200 *ET SEQ.* ........................ 12

COUNT IV UNJUST ENRICHMENT ...................................................... 14

COUNT V ACCOUNTING FOR PROFITS ............................................. 15

1    Plaintiffs DMI d/b/a Perris Hills Pharmacy ("Perris Hills") and R&M Drug
2  Corp. d/b/a Vitality Drug & Surgical ("Vitality") (collectively "Plaintiffs"),
3  individually and on behalf of all others similarly situated, by their undersigned
4  counsel, allege the following upon personal knowledge as to their own acts and, as
5  to all other allegations, upon information and belief and investigation by counsel,
6  including a review of publicly available documents.

7                          **NATURE OF THE ACTION**

8    1.    Plaintiffs bring this class action on behalf of themselves and a class of
9  pharmacies ("Class Members"), that processed Medical Security Card Company's
10 d/b/a ScriptSave ("MSC" or "Defendant") prescription drug savings program
11 discount card ("Discount Card") for their customers, but which did not have a
12 written agreement with Defendant.  The Class Period is April 18, 2009, through the
13 filing of the class certification motion in this litigation (the "Class Period").

14   2.    The ScriptSave Discount Card purports to offer discounts of up to
15 50% on brand name and generic prescription drugs to its cardholders.  On its
16 website, Defendant indicates that its Discount Card is accepted at over 62,000
17 "participating pharmacies" nationwide that Defendant claims to have "partnered
18 with." On its website Defendant identifies plaintiffs Perris Hills and Vitality as
19 included among its partners.

20   3.    However, Plaintiffs did not have any agreement with Defendant, were
21 not partnered with it, and never authorized their name to be used in connection
22 with the Discount Card.

23   4.    Defendant's business practice is to represent that the Discount Card is
24 widely accepted at pharmacies, and names particular pharmacies, without checking
25 before making the representation whether it is true.  Defendant's Discount Card
26 business appears to be founded on instilling in consumers the expectation that the
27 Discount Card is accepted everywhere -- and at Plaintiffs pharmacies and those of
28

| CLASS ACTION COMPLAINT | - 1 - | CASE NO.: |

1   the Class in particular -- and then using the false expectation of the consumer to (i)
2   pressure pharmacies into processing prescriptions using the Discount Card, instead
3   of risk losing the customer, and then (ii) charging the pharmacies improper and
4   undisclosed fees supposedly for Defendant's processing of the transactions.

5       5.      Plaintiffs became aware of this fee when they received an invoice
6   later from Defendant, and once aware of it, were under the misapprehension that
7   they were legally bound to pay it.

8       6.      Plaintiffs' stories are typical. Defendant charges this improper fee to
9   pharmacies when they process the Discount Card for their customers under false
10  pretenses that they are a "participating pharmacy," when they do not have a
11  relationship with Defendant.   Because the existence and amount of the fee is
12  disclosed only *after* a pharmacy processed a prescription with the Discount Card,
13  when a pharmacy receives a later invoice, Pharmacies cannot make an informed
14  decision beforehand of whether to process the Discount Card for their customers.

15      7.      These practices are in violation of federal law under the Lanham Act
16  and California law.

17      8.      Plaintiffs and the Class bring claims for Defendant's violations of the
18  Lanham Act section 43(a); California Unfair Business Practices Act, Business &
19  Professions Code section 17200 *et seq.*; the California False Advertising, Business
20  & Professions Code section 17500 *et seq.*; as well as California common law for
21  unjust enrichment, accounting for profits, and common count for mistaken receipt.
22  Plaintiffs and the Class seek declaratory judgment, injunctive relief, restitution and
23  disgorgement of Defendant's profit from the false representation that Plaintiffs and
24  the Class have a relationship with Defendant to participate and accept its Discount
25  Card and the undisclosed fees assessed against them from processing prescriptions
26  for their customers using the Discount Card.

27

28

| CLASS ACTION COMPLAINT | - 2 - | CASE NO.: |

1    9.    Plaintiffs and the Class also specifically request an injunction
2  enjoining Defendant from (i) listing pharmacies as participating pharmacies
3  without a written agreement, or (ii) sending invoices to pharmacies for charges that
4  are not clearly indicated on the face of the card or in a written agreement with the
5  pharmacy receiving the invoice.

## JURISDICTION AND VENUE

7    10.    This Court has jurisdiction over the state law claims pursuant to 28
8  U.S.C. § 1332(d) because there are at least 100 Class Members in the proposed
9  Class, the combined claims of proposed Class Members exceed $5,000,000
10  exclusive of interest and costs, and at least one Class Member is a citizen of a state
11  other than Defendant's state of citizenship. This Court has federal question
12  jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. § 1331 because the
13  Lanham Act is a federal statute.

14    11.    Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial
15  part of the events giving rise to the claims asserted herein occurred in this district,
16  and Plaintiffs dealt with Defendant, which is located in and/or does business in this
17  district.    Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendant
18  conducts substantial business in this District, has sufficient minimum contacts with
19  this District, and otherwise purposely avails itself of the markets in this District,
20  through the promotion, sale, marketing and use of its Discount Card in this
21  District.

## THE PARTIES

23    12.    Plaintiff DMI d/b/a Perris Hills Pharmacy, a member of the Class
24  defined below, is located in this district, in Perris, California.

25    13.    Plaintiff R&M Drug Corp. d/b/a Vitality Drug & Surgical, a member
26  of the Class defined below, is located at 25711 Union Turnpike, Glen Oaks, NY
27  11004.

28

| CLASS ACTION COMPLAINT | - 3 - | CASE NO.: |

14.  Defendant MSC d/b/a ScriptSave is headquartered in Tucson, Arizona.  MSC pioneered the prescription drug benefit market in 1994.  MSC identifies its address for pharmacies to send their payments as an address in City of Industry, California. ScriptSave describes itself as the leading pharmacy benefit administrator of prescription drug benefit solutions for retail pharmacies, health companies, pharmacy benefit managers and individual customers.

## BACKGROUND TO THE SCRIPTSAVE DISCOUNT CARD

15.  Individuals without insurance and those with prescriptions that insurance does not cover must pay out of pocket for their prescriptions.  Discount cards target these individuals by advertising discounts of "up to 50% off both generic and brand drugs" that can be used at "over 62,000 pharmacies all over the U.S."  The Discount Card is free to the consumer and can be printed by anyone from ScriptSave's website .

16.  When paying for a prescription, a customer presents the Discount Card to the pharmacy.  The pharmacy inputs the Group and Bank Identification Number (BIN) on the Discount Card into its system to retrieve the price of the prescription to charge the customer.  When the BIN number is entered into the pharmacy billing system, the system will show the amount that the pharmacy will be charged by the pharmaceutical distributor (not Defendant) for the drug and how much should be collected from the customer.  The pharmacy then charges the customer for the prescription.

17.  Pharmacies generally "accept" discount cards even in the absence of an agreement with the issuer because it does not appear to cost them anything.  For example,  the "discount" price the customer receives is often the same or similar price as what the pharmacy would charge as "usual and customary" without the discount card.  In other words, the discount card does not necessarily provide a discount from the *pharmacy's* own price.

1   18.   However, as to the ScriptSave Discount Card, Defendant later charges
2   pharmacies an administrative fee for each purchase, even though neither the
3   existence nor the amount of the charge is disclosed to the consumer or the
4   pharmacy at the time of the transaction.

**SCRIPTSAVE DISCOUNT CARD AND**
**DEFENDANT'S UNLAWFUL CONDUCT**

7   19.   ScriptSave advertises on its website that it is designed to offer
8   customers substantial savings on brand name and generic prescription drugs.
9   Defendant touts that it has "partnered with" a nationwide network of pharmacies to
10  provide true value and discounts on all brand and generic prescription drugs for
11  every cardholder and their household.

12  20.   ScriptSave provides a free ScriptSave WellRx card on its website,
13  which makes the following representation:

Our ScriptSave WellRx program is designed to make prescription
drugs more affordable for everyone. It is not insurance. In fact, it is
most valuable to people without prescription coverage.

*Through partnerships with over 62,000 retail pharmacies and*
*pharmaceutical companies, we offer discounts on all brand name*
*and generic drugs.* Our average savings is 36% with potential savings
up to 75% (based on 2012 national program savings data).  With our
Best Price Advantage, if a drug is ever "on sale", or if the pharmacy
price is less than the discounted price, you will pay the lower of the
two prices on your retail prescription purchases. Plus ScriptSave
WellRx members can also take advantage of special coupons with
savings on many over-the-counter medications.

1      Joining the ScriptSave WellRx program is free and there are no
2      monthly or annual fees. Your card is good immediately and can be
3      used for everyone in your household . . . even your pets.

4

5 ScriptSave, http://www.wellrx.com/save_on_prescriptions.aspx (last visited Apr. 4,
6 2013).

7     21.    It is estimated that there are approximately 62,000 pharmacies in the
8 United States. Accordingly, Defendant is representing that its Discount Card is
9 accepted virtually everywhere.

10     22.    That Defendant is misrepresenting how many pharmacies are
11 participating in its program is evidenced by its own inconsistent statements: the
12 main page of Defendant's website refers to "62,000 participating pharmacies" in
13 its Discount Card program, but on another page where cardholders can search for
14 "participating pharmacies," Defendant states that there are "54,000 participating
15 pharmacies." ScriptSave, http://www.wellrx.com/pharmacy_search.aspx (last
16 visited Apr. 4, 2013).

17     23.    Defendant's website allows consumers to "locate a pharmacy" by
18 entering a zip code or street address. *See* ScriptSave,
19 http://www.wellrx.com/pharmacy_search.aspx (last visited Apr. 4, 2013).

20     24.    Defendant lists Plaintiffs as participating pharmacies in its Discount
21 Card program. However, it has not contacted Plaintiffs about its Discount Card
22 prior to representing to consumers that they will accept it. Plaintiffs and Defendant
23 do not have any agreement or relationship.

24

25

26

27

28

| CLASS ACTION COMPLAINT | - 6 - | CASE NO.: |

1 **PLAINTIFF VITALITY DRUG & SURGICAL**

2      25.   Plaintiff Vitality processed customers' prescriptions using the BIN
3 number on Defendant's Discount Card, resulting in claims that accumulated
4 improper fees to Defendant of $3.00 each.

5      26.   Vitality received an invoice from Defendant detailing for the first time
6 the previously undisclosed charges identified as "administrative fees" that
7 Defendant claimed it owed for processing prescriptions using Defendant's
8 Discount Card.

9      27.   Recently during the month of December 2012, according to
10 Defendant's invoice dated December 31, 2012, Vitality processed six prescriptions
11 using the Discount Card on which Defendant charged an administrative fee of
12 $3.00 that was not disclosed at the time of the transaction. Defendant's invoice
13 stated that Vitality owed $18.00, due by January 31, 2013.

14      28.   Similarly during the month of January 2013 according to Defendant's
15 invoice dated January 31, 2013, Vitality processed six prescriptions using the
16 Discount Card on which Defendant charged an administrative fee of $3.00 that was
17 not disclosed at the time of the transaction.. Defendant's invoice again stated that
18 Vitality owed $18.00, due by February 28, 2013.

19      29.   As of the date of this complaint, Vitality Drug & Surgical has paid to
20 Defendant $1,369.00.Vitality Drug & Surgical made these payments under the
21 mistaken belief that it had a legal obligation to pay the invoices sent to it by
22 Defendant.

23 **PLAINTIFF PERRIS HILLS PHARMACY**

24      30.   On or about December 31, 2011, Plaintiff Perris Hills processed for
25 the first time a customer's prescription using the BIN number on Defendant's
26 Discount Card.

27

28

1    31.    Several days after the transactions involving the Discount Card, Perris
2 Hills Pharmacy received an invoice from Defendant dated December 31, 2011,
3 detailing one ScriptSave claim for $3.00, which it paid.

4                              **CLASS ALLEGATIONS**

5    32.    Plaintiffs bring this action on their own behalf and as a Class Action
6 pursuant to Rule 23 of the Federal Rules of Civil Procedure.    Plaintiffs seek
7 certification of the following Class:

8        All pharmacies in the United States who, since April 18, 2009,

9        through the filing of the class certification motion in this litigation,

10       have processed customer prescriptions using ScriptSave Discount

11       Card that did not have a written agreement with Defendant governing

12       the relationship and were charged a fee.

13   33.    Plaintiffs and the members of the Class are so numerous that joinder
14 of all members individually, in one action or otherwise, is impractical.

15   34.    This action involves questions of law and fact common to Plaintiffs
16 and all members of the Class, which include:

17       (a)    Whether Defendant charges an improperly disclosed fee to
18 pharmacies that process prescriptions using its Discount Card for their customers;

19       (b)    Whether Defendant falsely advertises that pharmacies are
20 participating in its Discount Card program when it has not contacted them about it;

21       (c)    Whether Defendant violated the Lanham Act Section 43 (a);

22       (d)    Whether Defendant violated California Business & Professions
23 Code Section 17500 *et seq.*;

24       (e)    Whether Defendant violated California Business & Professions
25 Code Section 17200 *et seq.*; and

26       (f)    Whether Defendant was unjustly enriched as a result of its
27 wrongful conduct;

28

1    (g)    Whether Defendant should account for profits it wrongfully
2 obtained from Plaintiff and the Class for customers' use of its Discount Card;

3    (h)    Whether Plaintiffs and Class Members sustained damages
4 resulting from Defendant's conduct and, if so, the proper measure of damages,
5 restitution, equitable or other relief, and the amount and nature of such relief.

6    35.    Plaintiffs understand and are willing to undertake the responsibilities
7 of acting in a representative capacity on behalf of the proposed Class. Plaintiffs
8 will fairly and adequately protect the interests of the Class and have no interests
9 adverse to or that directly conflict with the interests of the other members of the
10 Class.

11    36.    Plaintiffs have engaged the services of counsel who are experienced in
12 complex class litigation, who will adequately prosecute this action, and will assert
13 and protect the rights of and otherwise represent Plaintiffs and the absent Class
14 Members.

15    37.    Plaintiffs' claims are typical of those of the absent Class Members
16 because Plaintiffs and the Class Members each sustained damages arising from
17 Defendant's wrongful conduct, as alleged more fully herein.

18    38.    This action is brought under Rule 23 because Defendant has acted on
19 grounds generally applicable to all members of the Class.

20    39.    Judicial determination of the common legal and factual issues
21 essential to this case would be far more efficient and economical as a class action
22 than piecemeal individual determinations.

23    40.    Plaintiffs know of no difficulty that will be encountered in the
24 management of this litigation that would preclude its maintenance as a class action.

25
26
27
28

1

2

## COUNT I
### The Lanham Act § 43(a), 15 U.S.C. § 1125(a)

3

4

41.    Plaintiffs incorporate the above allegations by reference as though fully set forth herein.

5

6

7

8

9

42.    By promoting that Plaintiffs and the Class are affiliated with and have "partnered with" Defendant as "participating pharmacies" and will accept its Discount Card, Defendant has falsely represented to the public that its Discount Card is in some way authorized by, endorsed by, sponsored by, or associated with the Plaintiffs.

10

11

12

13

14

15

16

17

18

19

43.    As a result, customers present the Discount Cards to Plaintiffs and the Class, who process them without knowing in advance of each transaction that they will be charged, and the amount of the charge, and are later charged an improper fee by Defendant.  Pharmacies, as well as members of the public, will be and in fact have actually been deceived and/or confused into believing that the 62,000 pharmacies represented by Defendant as "participating pharmacies" in its Discount Card program do in fact participate and accept the Discount Card.  However, Plaintiffs and the Class have been seriously injured by such deception because they process the Discount Card when it is presented by their customers and are charged an improper fee.

20

21

22

44.    Plaintiffs have also been harmed by Defendant's unauthorized use of their names and identities, which is a valuable property right, as an apparent endorsement of the Discount Card program.

23

24

25

26

27

45.    By engaging in the wrongful conduct described herein and above, Defendant have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Because Defendant has engaged in the conduct described herein with fraudulent intent, this is an exceptional case, which merits an award of treble damages and attorneys' fees against the Defendant.

28

## COUNT II
**Violation of California Business and Professions Code Section 17500 *et seq.***

46.     Plaintiffs incorporate the above allegations by reference as though fully set forth herein.

47.     Throughout the Class Period, Defendant engaged in a public advertising and marketing campaign falsely representing its Discount Card is accepted at 62,000 participating pharmacies, including Plaintiffs and the Class.

48.     Defendant engaged in its advertising, marketing and sale of its Discount Cards with intent to directly or indirectly solicit customers to use its Discount Card at so-called "participating pharmacies," including at Plaintiffs' locations and those of the Class. Defendant falsely represented that pharmacies, including Plaintiffs and the Class, were affiliated with Defendant and accepted the Discount Card.

49.     Contrary to the advertising and disclosure that appeared on ScriptSave's website, and elsewhere, Defendant never contacted Plaintiffs and Class Members to participate in the Discount Card program. Plaintiffs and Class Members never agreed to an affiliation or participation in Defendant's Discount Card program.

50.     Defendant also never disclosed before each transaction that it would charge them a fee, or the amount of such fee, when they processed the Discount Card for their customers' prescriptions.

51.     Defendant's advertisements and marketing representations are false, misleading, and likely to deceive the public and/or deceived the public by falsely representing the pharmacies that participate in the Discount Card program and failing to disclose that Defendant charges pharmacies a fee for each prescription they process using the Discount Card.

52.   In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, in violation of California Business & Professions Code Section 17500 *et seq.*

53.   Plaintiffs and Class Members seek restitution, declaratory and injunctive relief, and other relief allowable under Section 17500 *et seq.*

**COUNT III**
**Violation of California Business and Professions Code Section 17200 *et seq.***

54.   Plaintiffs incorporate the above allegations by reference as though fully set forth herein.

55.   The circumstances giving rise to Plaintiffs' allegations, including the sales, marketing, and implementation of the Discount Card program, occurred in the State of California. Also Defendants uses a California address in its invoices as to where pharmacies are directed to pay Defendant. Therefore, application of California law is appropriate.

56.   By engaging in the acts and practices described above, Defendant committed one or more acts of "unfair competition" within the meaning of Business & Professions Code Section 17200. "Unfair competition" is defined to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Business & Professions Code § 17500 *et seq.*]."

57.   Defendant committed "unlawful" business acts or practices by, among other things, engaging in false advertising in violation of Business and Professions Code Section 17500 that Plaintiffs and Class Members were participating pharmacies in its Discount Card program, unlawfully charging Plaintiffs and Class Members an undisclosed fee for processing prescriptions using its Discount Cards, negligently misrepresenting Plaintiffs and Class Members as participating pharmacies, failing to disclose the processing fee charged to pharmacies and/or

1 unjustly profiting from the undisclosed fees charged to Plaintiffs and Class
2 Members, and violating the Lanham Act for falsely representing Plaintiffs and
3 Class Members affiliation with Defendant as a "participating pharmacy" that
4 accept the Discount Card.

5     58. Defendant committed "unfair" business acts or practices by, among
6 other things:

7     (a) engaging in conduct where the utility of such conduct, if any, is
8 outweighed by the gravity of the consequences to Plaintiffs and Class Members;

9     (b) engaging in conduct that is immoral, unethical, oppressive,
10 unscrupulous, or substantially injurious to Plaintiffs and Class Members; and

11     (c) engaging in conduct that undermines or violates the spirit or
12 intent of the consumer protection laws alleged in this Complaint.

13     59. Defendant committed "fraudulent" business acts or practices by,
14 among other things, engaging in conduct Defendant knew or should have known
15 were likely to and did deceive the public, including Plaintiffs and other Class
16 Members.

17     60. As detailed above, Defendant's unlawful and unfair practices include,
18 but are not limited to, the following:

19     (a) Making false and/or misleading statements that Plaintiffs and
20 Class Members were participating pharmacies in Defendant's Discount Card;

21     (b) failing to properly disclose that pharmacies are charged a fee
22 when they process prescriptions for their customers using the Defendant's
23 Discount Card; and

24     (c) charging pharmacies an improper fee for processing their
25 customers' prescriptions using Defendant's Discount Card.

26     61. Plaintiffs and Class Members lost money and/or property and suffered
27 injury in fact, including damage from being falsely represented as a participating
28

1  pharmacy of Defendant's program, , being charged undisclosed fees for processing
2  their customers' prescriptions through Defendant's Discount Card, and being sent
3  an invoice for an amount that was not legally valid and unenforceable.  Plaintiffs
4  and Class Members would not have processed prescriptions with the Discount
5  Card, and/or not paid Defendants' invoices, if they had been aware of the false,
6  misleading and incomplete nature of Defendant's representations about their
7  participation in the Discount Card program, the fee they would be charged for
8  processing prescriptions with it, and/or that the invoices were not valid charges. .

9  62.  Plaintiffs and Class Members seek restitution, declaratory and
10  injunctive relief, and other relief allowable under Section 17200 *et seq.*

11  **COUNT IV**
12  **Unjust Enrichment**

13  63.  Plaintiffs incorporate the above allegations by reference as though
14  fully set forth herein.

15  64.  As a result of Defendant's unfair, deceptive, fraudulent and
16  misleading marketing, advertising, labeling, distributing and sale of its Discount
17  Cards, Defendant was enriched at the expense of Plaintiffs and the Class.
18  Defendant falsely represented that 62,000 pharmacies accept its Discount Card,
19  including Plaintiffs and the Class, causing pharmacy customers to present the
20  Discount Card at pharmacies that had not agreed to participate, including Plaintiffs
21  and the Class, and those pharmacies to process the Discount Card under false
22  pretenses resulting in Defendant charging the pharmacies, including Plaintiffs and
23  the Class, an undisclosed fee.

24  65.  Under the circumstances described above, it would be against equity
25  and good conscience to permit Defendant to retain the ill-gotten benefits that were
26  received from Plaintiffs and the California Class.  It would be unjust and/or
27
28

| CLASS ACTION COMPLAINT | - 14 - | CASE NO.: |

1  inequitable for Defendant to retain the benefit without restitution to Plaintiffs and
2  the Class.

3  66.    Accordingly, Plaintiffs and the Class seek an order establishing
4  Defendant as constructive trustee of the profits that served to unjustly enrich them,
5  together with interest during the period in which Defendants have retained such
6  funds and requiring Defendants to disgorge those funds to Plaintiffs and the Class
7  in a manner to be determined by the Court.

8
## COUNT V
## Accounting for Profits
9

10  67.    Plaintiffs incorporate the above allegations by reference as though
11  fully set forth herein.

12  68.    Plaintiffs have processed the Discount Card and have been harmed as
13  alleged above. Defendant has been the beneficiary of Plaintiffs' processing of the
14  Discount Card, including by collecting the improper fees from Plaintiffs.

15  69.    As alleged above, Defendant profited by misrepresenting that it was in
16  a "partnership" with pharmacies. Yet Plaintiffs do not know how much Defendant
17  has profited from the so-called partnership.

18  70.    Having claimed to be in partnership with Plaintiffs, and otherwise
19  representing that Defendant has a relationship with Plaintiffs, Defendant must
20  account for any and all proceeds from the use of the Discount Card due to
21  Plaintiffs and the Class. Plaintiff is entitled to the proceeds of the partnership,
22  should the Court determine that a partnership exists.

23  71.    Accordingly, Plaintiffs and the Class seek an order establishing
24  Defendant as constructive trustee of the profits on all sums received and to be
25  received by Defendant derived from the use of its Discount Card by the
26  pharmacies' customers in processing their prescriptions.

27

28

1

## COUNT VI
## Common Count: Mistaken Receipt

2

3

72.    Plaintiffs incorporate the above allegations by reference as though fully set forth herein.

4

5

73.    Plaintiffs paid Defendant money by mistake because, as discussed above, there was no obligation to pay Defendant.

6

7

74.    Defendant did not have the right to the money.

8

75.    Plaintiffs, by filing this Complaint, are asking Defendant to return the money.

9

10

## PRAYER FOR RELIEF

11

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated pray for judgment against Defendant as follows:

12

13

A.    An order certifying this case as a class action and appointing Plaintiffs and its counsel to represent the Class Members;

14

15

B.    Restitution to Plaintiffs and Class Members;

16

C.    Disgorgement or an accounting for Defendant's profit from the fees wrongfully collected from Plaintiffs and Class Members;

17

18

D.    Recovery of any actual damages for injuries suffered by Plaintiffs and Class Members;

19

20

E.    Imposition of a constructive trust for the benefit of Plaintiffs and Class Members on all sums received and to be received by Defendants from customers use of Defendant's Discount Card at locations of Plaintiffs and the Class;

21

22

23

24

F.    An order declaring the alleged acts and practices of Defendant to unlawful and deceptive;

25

26

G.    A permanent or final injunction enjoining Defendant's agents and employees, affiliates and subsidiaries, from continuing to harm Plaintiffs and the members of the Class, including by:

27

28

| CLASS ACTION COMPLAINT | - 16 - | CASE NO.: |

1    1. enjoining Defendant from (i) listing pharmacies as participating

2  pharmacies without a written agreement, or (ii) sending invoices to pharmacies for

3  charges that are not clearly indicated on the face of the card or in a written

4  agreement with the pharmacy receiving the invoice.

5    2. requiring Defendant to accurately state pharmacies that participate

6  in its Discount Card program and prominently disclose the processing fee charged

7  to pharmacies on its Discount Cards;

8    H.    Reasonable attorneys' fees and the costs of this action;

9    I.    Statutory pre-judgment interest; and

10   J.    Such other relief as this Court may deem just and proper.

11                **DEMAND FOR JURY TRIAL**

12   Plaintiffs hereby demand trial of their claims by jury to the extent authorized

13  by law.

14  DATED: April 18, 2013                    **MILBERG LLP**
                                            DAVID E. AZAR
15

16                                          _____
                                                    DAVID E. AZAR
17

18                                          One California Plaza
                                            300 S. Grand Avenue, Suite 3900
19                                          Los Angeles, CA 90071
                                            Telephone: (213) 617-1200
20                                          Facsimile: (213) 617-1975
                                            Email: dazar@milberg.com
21
                                            **MILBERG LLP**
22                                          LORI G. FELDMAN
                                            lfeldman@milberg.com
23                                          ANDREI V. RADO
                                            arado@milberg.com
24                                          JESSICA J. SLEATER
                                            jsleater@milberg.com
25                                          One Pennsylvania Plaza, 49th Floor
                                            New York, NY 10119
26                                          Telephone: (212) 594-5300
                                            Facsimile: (212) 868-1229
27

28

| CLASS ACTION COMPLAINT | - 17 - | CASE NO.: |

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| DMI d/b/a PERRIS HILLS PHARMACY, and R & M DRUG CORP. d/b/a VITALITY DRUG & SURGICAL, individually and on behalf of all others similarly situated, | MEDICAL SECURITY CARD COMPANY d/b/a SCRIPTSAVE, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| MILBERG LLP, DAVID E. AZAR<br>300 S. Grand Ave., # 3900, Los Angeles, CA 90071<br>Tel: (213) 617-1200 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a); California Business & Professions Code § 17500 et seq.; California Business & Professions Code § 17200 et seq.; Unjust Enrichment; and Accounting for Profits

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

ORIGINAL

FOR OFFICE USE ONLY: Case Number:  EDCV13-713

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside - DMI d/b/a PERRIS HILLS PHARMACY | New York - R & M DRUG CORP. d/b/a VITALITY DRUG & SURGICAL |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Arizona - MEDICAL SECURITY CARD COMPANY d/b/a SCRIPTSAVE |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside |  |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: April 18, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

ORIGINAL